UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EDWARD JOHNSON**<br>    **LA. DOC #118578**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1387**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **FRANK DEAR, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Edward Johnson, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 25, 2011. When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he was incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana. He complained that he was terminated from his work-release employment during the time he was incarcerated at the Richland Parish Detention Center (RPDC), Rayville, Louisiana. On August 24, 2011, he notified the Court that he was released to what appears to be a Half-Way House operated by the Volunteers of America in Baton Rouge.

Plaintiff sued Captain Frank Dear and Nurse Henry seeking reimbursement for wages lost as a result of his termination from the work-release program. He also prayed that Captain Dear "be dealt with according to procedure" and that he be "remanded to another work-release" program. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On some unspecified date, plaintiff, who was apparently participating in the RPDC work-release program, was examined by Nurse Henry for a complaint unrelated to these proceedings. Henry consulted plaintiff's medical records and discovered that plaintiff is HIV Positive.[1] Nurse Henry advised Captain Dear of her findings and Captain Dear relieved plaintiff of his work-release assignment. Dear advised plaintiff that he did not want plaintiff working in proximity to others; nevertheless, plaintiff was confined to general population.

According to plaintiff, at the time he filed his complaint, in July 2011, he had been incarcerated at RPDC for a period of 7 months and Nurse Henry and "all the employees" knew about his health situation before he was first placed in work-release. Plaintiff also noted that the Warden and Major were also aware of his health status and yet they authorized his placement in work-release.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief

---

[1] HIV stands for human immunodeficiency virus. It kills or damages the body's immune system cells. AIDS stands for acquired immunodeficiency syndrome. It is the most advanced stage of infection with HIV. Medline Plus, A Service of the U.S. National Library of Medicine, and National Institutes of Health, Health Topics at:

http://www.nlm.nih.gov/medlineplus/healthtopics.html

could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint succinctly stating his claims for relief. Further amendment would serve no useful purpose.

**2. Work Release – Due Process/Equal Protection**

In order to obtain relief under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants, who are both state actors, deprived him of his right to participate in the work release program; he implies that in so doing, the defendants violated his right to Due Process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claim is frivolous. La. R.S.15:1111, the statute establishing the LDOC's work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..." The statute's local counterpart, La. R.S.15:711 provides, "The sheriff of each parish ... is hereby authorized to establish and administer a work release program for inmates of any jail or prison under his jurisdiction.... Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the program..."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). It is reasonable to conclude that R.S.15:711 likewise does not create a liberty interest.

Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988. Plaintiff can point to no rule or understanding which entitle him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not entitled to participate in either the Department of Corrections' or Madison Parish Sheriff's work-release programs, and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, his claims are subject to dismissal as frivolous.

To the extent that plaintiff might imply a violation of equal protection, such claim fares no

better. In order to state a claim of discrimination under the Equal Protection clause, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff has made no such showing and thus, any implied equal protection claim is also subject to dismissal as frivolous.

Plaintiff also implies that Nurse Henry violated his right to privacy when she informed Captain Dear that plaintiff was HIV Positive. This claim is refuted by plaintiff's own admission that "all the employees" knew about his health situation before he was first placed in work-release.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE